UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TERRY EDWARD ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:20-CV-175-TAV-HBG |
| | ) | |
| BOBBY BROOKS, | ) | |
| SGT. STACIE ENGLAND, | ) | |
| TAMMY REAGAN, | ) | |
| CLAIBORNE COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| CLAIBORNE COUNTY, | ) | |
| SGT. JOSH SMITH, | ) | |
| ROBERT SEXTON, and | ) | |
| LT. STARLA BERRY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983

[Doc. 3], along with his certified inmate trust account statement [Doc. 2] and related motion

for leave to proceed *in forma pauperis* [Doc. 1].

## I.      MOTION TO PROCEED *IN FORMA PAUPERIS*

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff

lacks sufficient financial resources to pay the filing fee [Doc. 2].  Accordingly, pursuant to 28

U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be

**GRANTED**.

Because Plaintiff is an inmate in the Scott County Justice Center, he is **ASSESSED** the

civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account is **DIRECTED**

to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee

37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  SCREENING

### A.  Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim

2

under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B. Procedural Background and Plaintiff's Allegations**

Plaintiff initially filed a civil action jointly with another inmate [*See* Doc. 1 in *Walters et al. v. Brooks et al.*, No. 3:20-CV-129 (E.D. Tenn.)]. After the Court advised Plaintiff that he would not be permitted to proceed jointly, Plaintiff filed a notice with the Court indicating his desire to proceed in an individual lawsuit and submitted a new § 1983 complaint [*See, e.g.*,

3

Doc. 3]. Thereafter, the Court severed Plaintiff from the joint action and opened the instant action with Plaintiff's newly submitted complaint [Doc. 4].

In the present complaint, Plaintiff alleges that at approximately 1:00 a.m. on February 11, 2020, Claiborne County Justice Center Officer Robert Sexton unlocked the cell of Inmate King and allowed King to exit the cell and display a knife [Doc. 3 p. 5]. Plaintiff's cell was then unlocked by Officer Sexton, and King thereafter assaulted one of Plaintiff's cellmates with a knife while Officer Sexton held another of Plaintiff's cellmates in a headlock and allowed King to strike the cellmate [*Id*. at 5]. Plaintiff attempted "to defend [his] cellmates" and was struck by King [*Id*.]. Plaintiff suffered a head, back, and neck injury from the assault for which he requested medical treatment from Sgt. Josh Smith [*Id*.]. Plaintiff was denied medical attention [*Id*.]. Plaintiff contends that Sheriff Bobby Brooks, Sgt. Stacie England, Jail Administrator Tammy Reagan, and Lt. Starla Berry were all made aware that King "was a known enemy" prior to the assault [*Id*.].

**C.     Analysis**

**1.      Relief SoughtRenders Complaint Moot**

Plaintiff requests only that injunctive relief be awarded in this action [Doc. 3 p. 6]. However, Plaintiff is no longer incarcerated in the Claiborne County Justice Center [*Id*. at 2]. Therefore, Plaintiff's request for relief is moot. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility). Accordingly, relief will be **DENIED**, and Plaintiff's complaint will be **DISMISSED**.

4

## 2. Complaint is Subject to Dismissal Under § 1915(e)(2)

The Court otherwise finds, for the reasons that follow, that Plaintiff's complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### a. Claiborne County Sheriff's Office

The Court finds that the "Claiborne County Sheriff's Office" is not a suable entity under § 1983, and it will be **DISMISSED**. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding county jail is a department of the county and not a legal entity); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

### b. Claiborne County

Second, the Court notes that Claiborne County cannot be held liable under § 1983 for any "injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Rather, it is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* As such, "[a] plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). The Court finds that there are no facts in the instant complaint to suggest that any harm to Plaintiff occurred because of a custom or policy maintained by Claiborne County, and this Defendant will be **DISMISSED**.

### c.     Josh Smith

Plaintiff maintains that he requested and was denied medical treatment by Sgt. Josh Smith [Doc. 3 p. 5].  It is well settled that the Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  However, the denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  To state an Eighth Amendment claim for the denial of medical treatment, a plaintiff must show a "sufficiently serious" medical need, and the defendant's "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S 825, 834, 842 (1994).  A medical need is "serious" if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention.  S*ee, e.g., Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 896-97 (6th Cir. 2004).  However, *de minimis* physical injuries will not sustain an Eighth Amendment claim for the denial of medical care.  *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005) (collecting cases).

Here, Plaintiff claims that after being struck by Inmate King, he "suffered a head injury" along with "a back and neck injury," and that he "requested medical treatment but was denied treatment" by Sgt. Smith [Doc. 3 p. 5].  Plaintiff fails to allege any specific details regarding the injuries he allegedly suffered, or the factual circumstances surrounding his request for medical treatment.  While a complaint need not be detailed to pass screening under the PLRA, the allegations must include more than "labels and conclusions." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (holding court need not accept "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements"). Therefore, Plaintiff has not alleged a viable Eighth Amendment claim for the denial of medical treatment against Sgt. Josh Smith, and this claim and Defendant will be **DISMISSED**.

### d. Defendants Brooks, England, Reagan, Sexton, and Berry

Plaintiff alleges that Defendants Brooks, England, Reagan, Sexton, and Berry failed to protect him from an assault by Inmate King, "a known enemy" [Doc. 3 p. 5]. The Eighth Amendment guarantees prisoners a constitutionally protected right to personal safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Included therein is the right to be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). As such, prison officials must "to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). A jail official may violate this right by being deliberately indifferent to a prisoner's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). An officer is deliberately indifferent to such a risk where he is "subjectively aware of the risk" and "disregard[s] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (*quoting Farmer*, 511 U.S. at 847).

Under the particular facts presented by Plaintiff, the Court finds that he has failed to state a failure-to-protect claim against any named Defendant. Plaintiff's allegations surrounding the conflict, while scant, are that Inmate King attempted to assault two of Plaintiff's cellmates, and that Plaintiff was injured because he was "trying to defend" his cellmates [*See* Doc. 3 p. 5]. Therefore, any injury to Plaintiff occurred because he affirmatively inserted himself into a conflict, not because of deliberate indifference by any

7

officer [*See id.*]. Accordingly, Plaintiff's failure-to-protect claim against these Defendants will be **DISMISSED**.

## III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.    The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

5.    Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6.    The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8